## Case No. 4,370.

### The ELLA WARLEY.

[Blatchf. Pr. Cas. 204.][1]

District Court, S. D. New York. Aug., 1862.

BETTS, District Judge. This case embraces the exceptions raised in the last case to the authority of the court to order an appraisal of prize property, and its transfer to the libellants. The decision of that point is, accordingly, controlled by the previous case of The Memphis [Case No. 9,412].

A further question is made and discussed, relating to the powers of the court to act upon the final disposal of the property otherwise than by means of a judgment of forfeiture, and a sale thereof by execution. It is insisted that the claimants are entitled to have the value of the property tested and ascertained by the form of a judicial and public sale. The prerogative right of the captors to take the property seized to their own use is modified only insubserviency to the modern law of war, that, in case a judicial confiscation of it is not secured, the captors are responsible over for its value to the lawful proprietor. That responsibility may be secured to the claimant by bail, in court, for its worth, or other equivalent protection to such contingent right. The usage of this court is, to place the value in deposit in the registry of the court, or in the United States treasury, subject to the authority of

the court, to be restored and paid to the claimant in case of the acquittal of the property, in place of relying upon individual undertakings or responsibilities therefor. The court is not convinced of the greater propriety or certainty of resorting to an auction sale of property as a means of ascertaining its reasonable value, particularly when both parties stand in court alike asserting a legal ownership to it. That method may approach nearer to the worth of an article which possesses no steady mercantile value, and is subject to sudden fluctuations, under speculative excitements or emergencies, the condition of a state of peace or war, in general trade or local transactions, producing, at times, sudden alterations in the demand and supply. We have witnessed such changes in the progress of the present war; but the fitful state of the market at any of these periods would measure but imperfectly the worth of the commodity, as an article of trade and merchandise. Particularly, the salableness at auction may readily, by dishonest collusions, be augmented or depressed, so as to take from such a sale all just evidence of the transaction being one between vendor and purchaser, calculated to determine the value of the article between them. It appears to me that, in such a condition of things, the general judgment would confide in the honest valuation of discreet individuals, well acquainted with the subject, rather than the result of palpitating excitement at a public sale, in fixing the price which should be paid to the claimant, provided the government should be proved not to be the lawful owner of the property. There is high authority in support of the expediency of an auction sale to effect that end (The Euphrates [Case No. 4,546]; The Diana [Id. 3,876], and this preference, it is understood, is concurred in by the practice of the prize court in Pennsylvania. But all the decisions must rest on the same principle,—that it is competent to the government, through the agency of the courts, to take immediate possession and use of captured property, on guaranteeing, by bail or deposit, at its worth, the restoration of its value to its lawful claimants. It is, therefore, a question of expediency, addressed to the sound discretion of the court, whether that value shall be ascertained by auction sale, or by the appraisal of individual appraisers. In many instances, as where the prize cannot be brought into port, or the public necessities compel its instant appropriation or arrest, an appraisal affords the only method of fixing its value. That course has been repeatedly adopted by this court during the war, and I perceive no reasons for directing a public sale to that end, when an appraisal is feasible.

The method, therefore, of guaranteeing the interests of the claimants, through the pledge, by deposit, of a sum fixed by a sworn appraisal, I regard as superior to one by bail or col-

[1] [Reported by Samuel Blatchford, Esq.]

lateral security only, and to be preferred to an auction sale, as a criterion of the worth of the property taken.

The order prayed for by the district attorney is, therefore, granted.